UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WELLS FARGO BANK, NATIONAL ASSOCIATION**, a national banking association,

    Plaintiff,

vs.                                    Case No. 3:09-cv-1225-J-20TEM

**JEFFERSON RD., LLC**, a foreign limited liability company, **WILLIAM D. BOWEN,** individually, **WILLIAM B. WEATHERFORD**, individually, and **DONALD B. WEIR**, individually,

    Defendants.
_____/

## PLAINTIFF'S UNOPPOSED MOTION TO FOREGO MEDIATION

Pursuant to M.D. Fla. Local Rules 3.01 and 9.03(c), Plaintiff, WELLS FARGO BANK, NATIONAL ASSOCIATION, a national banking association ("Plaintiff" or "Lender"), by and through its undersigned counsel, moves this Court for entry of an Order authorizing the parties to forego mediation and in support thereof states:

    1.    This case involves two different claims by Lender.  The first class of Lender's claims are solely against Jefferson Rd., LLC ("Borrower") to foreclose Lender's mortgage and security interests in real, personal and other property located in Duval County, Florida (the "Mortgaged Property"), together with Lender's claim against Borrower for breach of the underlying Note.  *See* Complaint [Doc. 2].

    2.    The second class of Lender's claims are against Defendants Weir, Weatherford and Bowen (the "Individual Guarantor Defendants" or "Guarantors") for breach of their Guaranty Agreement obligations to Lender.  *See* Complaint [Doc. 2].

{JA568085;1}

3. Borrower is the owner in fee simple of the real property. [Doc. 2, ¶7].

4. Lender is the owner and holder of the Promissory Note Secured by Mortgage in the original principal amount of Seven Million Eight Hundred Seventy Thousand and 00/100 dollars ($7,870,000.00) (the "Note"), Mortgage, Assignment of Leases and Rents and Security Agreement (the "Mortgage"), and related documents executed in connection with the Note and Mortgage (collectively, the "Loan Documents") which are the subject of this case. [Doc. 2, ¶¶10-15]. Lender holds all rights under the Loan Documents.

5. Lender's Complaint contains ten (10) causes of action, four (4) of which are against Borrower Jefferson Rd., LLC. The other six (6) causes of action are against the Individual Guarantor Defendants. [Doc. 2].

6. On May 3, 2010, Borrower filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the case styled *In re Jefferson Rd., LLC*, Case No. 10-73245-reb, in the United States Bankruptcy Court, Northern District of Georgia (the "Bankruptcy Action"). On that same date, Borrower correspondingly filed its Suggestion of Bankruptcy in this case. [Doc. 27].

7. As a result of the Suggestion of Bankruptcy, on May 5, 2010, this Court entered its Order directing the Clerk to administratively close the case *during the pendency of the bankruptcy action*. [Doc. 28, emphasis added].

8. On May 6, 2010, Lender filed its Motion to Reopen Case to Pursue Claims against the Individual Guarantor Defendants. [Doc. 29].

9. On July 21, 2010, the United States Bankruptcy Court, Northern District of Georgia entered a Consent Order Dismissing Case as to Bankruptcy Action noting that the Lender and Borrower had reached an agreement as to how they would proceed (the "Interim

Agreement"). *See In re Jefferson Rd., LLC*, Case No. 10-73245-reb, Doc. 46.

10. On July 28, 2010, the Court granted Lender's Motion to Reopen Case to Pursue Claims against the Individual Guarantor Defendants and ordered the parties to submit a new case management and scheduling report. [Doc. 32].

11. On August 4, 2010, Lender filed its Unopposed Motion for Leave to Have Until Sept. 17, 2010 to file a new Case Management and Scheduling Report while Lender and Borrower worked out the details of the Interim Agreement. [Doc. 33].

12. This Court granted that Motion on August 9, 2010. [Doc. 34].

13. In the Joint Status Report, the parties indicated to the Court that if they were unable to reach a long-term resolution of the issues in dispute that the Lender would be moving to reopen the case as to Borrower Jefferson Rd., LLC such that the parties could submit one Case Management and Scheduling Report as to all Defendants.

14. This Court granted the Plaintiff's Motion to re-open the case as against the Debtor on September 29, 2010. [Doc. 38].

15. Since July, 2010, Lender, Borrower and Guarantors have been intensely negotiating in good faith in an attempt to reach a long-term resolution to the issues raised in this case.

16. However, recent communications make it apparent that Borrower and Guarantors are unable to reach a long term resolution of the issues raised in this case. It is clear that the involvement of a mediator would not be able to resolve the dispute, and that such efforts would simply result in a layer of additional mediation expenses that would be expensive and not successful.

17.     Accordingly, the parties reached agreement at their Case Management Conference that such a mediation would not be successful and that the Defendants would not oppose Plaintiff's motion to seek an order eliminating the need for mediation in this case.

### **Memorandum of Law**

Local Rule 9.03(c) states that "[a]ny civil action or claim referred to mediation pursuant to this rule may be exempt or withdrawn from mediation by the presiding judge at any time, before of after reference, upon a determination for any reason that the case is not suitable for mediation."  As discussed above, the parties to this action have engaged in costly and thorough settlement negotiations since July 2010.  However, despite their best efforts, the parties have not resolved their disputes and, instead, have determined that they are not able to resolve them through negotiation.  The parties agree that any further settlement attempts, including mediation, would constitute a futile waste of their time and resources and that such resources would be better spent on developing and presenting the relevant issues to this Court.

WHEREFORE, Plaintiff, WELLS FARGO BANK, NATIONAL ASSOCIATION, prays that the Court will enter an Order eliminating the need for the parties to undergo mediation in this matter, and for such other and further relief as this Court deems appropriate.

### **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)**

Pursuant to Middle District of Florida Local Rule 3.01(g), counsel for Plaintiff has conferred with counsel for Defendants regarding the relief requested in this Motion and counsel for Defendants does not oppose the relief requested in this Motion.

Respectfully submitted,

AKERMAN SENTERFITT

By: /s/ *Timothy J. McDermott*
    Timothy J. McDermott
    Florida Bar No. 0747531
    timothy.mcdermott@akerman.com
    HeatherAnn M. Solanka
    Florida Bar No. 0497347
    Email: heather.solanka@akerman.com
    50 North Laura Street, Suite 2500
    Jacksonville, Florida  32202
    Telephone:  (904) 798-3700
    Facsimile:  (904) 798-3730

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2010, I electronically filed the foregoing Motion with the Clerk of Court by using the CM/ECF system which will send notification of such filing to the following: A. Todd Merolla, Esq., Merolla & Gold, LLP., 2018 Powers Ferry Road, Suite 800, Atlanta, Georgia  30339.

/s/ *Timothy J. McDermott*
Attorney