FILED

2011 JAN -4 PM 4:35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WELLS FARGO BANK, NATIONAL ASSOCIATION**, a national banking association,

Plaintiff,

vs.                                                              Case No. 3:09-cv-1225-J-20TEM

**JEFFERSON RD., LLC**, a foreign limited liability company, **WILLIAM D. BOWEN**, individually, **WILLIAM B. WEATHERFORD**, individually, and **DONALD B. WEIR**, individually,

Defendants.
_____/

## CONSENT ORDER GRANTING VERIFIED MOTION FOR APPOINTMENT OF RECEIVER

**THIS CAUSE** came before this Court upon Plaintiff's Verified Motion for Appointment of Receiver and to Enforce Assignment of Payments ("Verified Motion") and the Joint Stipulation for Entry of Consent Order Granting Verified Motion for Appointment of Receiver. The Court having found that according to the Verified Motion, and that upon the consent of the parties, and good cause having been shown for the appointment of a receiver to take charge of the Mortgaged Property subject to the Mortgage,

**IT IS ORDERED AND ADJUDGED** as follows:

1. William J. Hoffman of Trigild Florida, LLC ("Receiver") is hereby appointed Receiver of the real and personal property ("Mortgaged Property"), which is described in and covered by the Mortgage and the UCC-1, as defined in the Verified Complaint filed in this case, together with all the rents, incomes, profits, and revenues from the Mortgaged Property. Said appointment as Receiver is effective January 3, 2011.

{JA587099;1}

2. Within twenty (20) days of the date of this Order, the Receiver shall file in this action an Oath of Receiver.

3. Receiver shall post a cash or surety bond in the amount of $5,000.00, with any surety bond being duly provided by a corporate surety guaranteeing performance by him of the duties and obligations of his office of receivership. The bond is to be payable to this Court in order to provide coverage to the parties as their respective interests may appear for the loss due to acts of all agents, servants, or employees of such Receiver, and to be submitted to the Clerk of the Court for approval within ten (10) days from the date of this Order. The cost to Receiver of obtaining a surety bond shall be reimbursed by Plaintiff as additional compensation to Receiver for acting in such capacity. Upon the Receiver gaining complete control over the Mortgaged Property, the Borrower shall not be responsible for any act or omission of the Receiver with regard to the Mortgaged Property.

4. The Receiver shall be paid at a blended hourly rate of $175.00 per hour (which encompasses the rate for Mr. Hoffman, his Associate Receiver Kelley A. McLaren, and paralegal fees).

5. The Receiver shall prepare and file with this Court on or before thirty (30) days from the date hereof a full and detailed inventory, under oath, describing the Mortgaged Property and all assets and effects taken by the Receiver.

6. Simultaneously herewith, Borrower and their partners, employees, representatives, servants, contractors, and agents, are hereby ordered to deliver or cause to be delivered forthwith to the Receiver all of the Mortgaged Property and all things of value encumbered by the Mortgage, and UCC-1, wherever situate, including, without limitation, all accrued rents, incomes, profits, and revenues from the Mortgaged Property, and together with all

bank accounts or other deposit accounts, wherever situate, into which such rents, incomes, profits, and revenues may have been heretofore deposited, all keys or combinations of locks to open or gain access to any portion of the Mortgaged Property, and together with copies of all leases or lease agreements, prepaid rents, or security deposits, and originals or copies of all business and financial records pertaining to the operation of the Mortgaged Property.

7. Borrower is directed to immediately surrender to the Receiver all books, records, leases, insurance policies, insurance information, utility information, rent rolls, rent records, and licenses of any sort associated with the Mortgaged Property. Borrower is further directed to execute such documents as the Receiver may reasonably require to permit her to obtain ownership or control of any licenses, utility deposits, insurance policies, or other property which she may need to control or own in order to perform her duties and obligations under this Order.

8. The Receiver shall enter, possess, use, operate, manage, and control the Mortgaged Property and shall conduct, either personally or through his employees, servants, and agents, the business thereof, namely, the operation of an office building and the leasing of space therein, and shall operate the Mortgaged Property in accordance with all local, state, and federal laws, and shall apply rents, issues, and profits therefrom to the payment of taxes, insurance, and expenses of operating the Mortgaged Property. The Receiver is hereby authorized to do all things and incur the risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and Mortgaged Property, including without limitation executing such documents and instruments on behalf of the receivership estate for such matters as are necessary and appropriate.

9. The Receiver may market the Mortgaged Property for re-sale. In marketing the Mortgaged Property, the Receiver may advertise and show the Mortgaged Property and provide

{JA587099;1}

financial information to prospective purchasers. The Receiver may not enter into a contract for the sale of the property without prior approval of the Plaintiff and the Court, upon a motion to authorize sale of the Mortgaged Property.

10. The Receiver shall use his best reasonable efforts to manage, preserve, protect, and maintain the Mortgaged Property in a reasonable, prudent, diligent, and efficient manner, and may engage such employees or agents as are necessary or appropriate to accomplish the foregoing. The Receiver is granted all of the customary rights, duties, authority, and responsibilities of a court appointed receiver, including all rights and authority necessary to continue the operation of the Mortgaged Property. Without limitation of the foregoing, the Receiver is granted the following specific authority and powers:

a. Within thirty (30) days from the date of this Order, the Receiver shall file in this action an operating budget for the performance of his duties hereunder.

b. The Receiver shall not incur any obligation not included in the budget requiring expenditures in excess of $20,000.00 without prior order of this Court unless it pertains to matters of life safety or an emergency situation at the property, in which case prior approval will be obtained from the Plaintiff.

c. The Receiver shall collect and receive all lease payments, revenues, rents, issues, deposits, and profits of the Mortgaged Property.

d. The Receiver shall maintain a bank account in his own name, as Receiver, in which she shall deposit all rental and other income received and from which the Receiver shall pay the expenses of repairs, taxes, insurance, utilities, and all other operating costs and expenses incurred in managing and operating the Mortgaged Property. Any amount remaining beyond

funds necessary for the performance of the Receiver's duties and payment of the Receiver's fees and expenses shall be held by the Receiver pending further order of this Court.

  e. The Receiver is authorized to enter into such other and additional management or operational agreements with respect to the Mortgaged Property as the Receiver, in her discretion, shall deem appropriate for the operation of the Mortgaged Property.

  f. The Receiver is authorized to purchase materials, supplies, goods, licenses, permits, and services as the Receiver deems necessary and advisable to assist her in performing her duties hereunder.

  g. The Receiver shall immediately secure and maintain such property insurance, public liability insurance, fire, flood, extended coverage, burglary, and theft insurance as is appropriate; provided, however, that the Receiver may continue and maintain all existing policies, if any, by paying premiums and charges therefore, and Borrower shall cause the Receiver to be added to such policies as an additional insured as her interest may appear.

  h. The Receiver shall maintain appropriate records and accounts concerning the Mortgaged Property.

  i. The Receiver is authorized to have inspections performed, including without limitation, environmental inspections as the Receiver deems necessary and advisable.

  11. The Receiver is directed to prepare and file reports first on or by the twentieth (20th) day following month end after entry of this Order and thereafter monthly on the twentieth day of the month, if and so long as the Mortgaged Property shall remain in his possession and care, which report shall be under oath, setting forth all receipts, disbursements, and material changes in the Mortgaged Property. The Receiver shall serve by mail a copy of each such report

on the attorneys of record for each of the parties to this cause or if no attorney has appeared on behalf of a party, to the party itself.

12. The Receiver may seek leave of this Court to employ his own legal counsel to furnish legal advice to the Receiver for such purposes as may be necessary during the period of Receivership. Receiver may seek leave of this Court to employ an accountant to assist her in the preparation of the required reports hereunder. The Receiver is expressly authorized to engage a management team or employees to assist the Receiver in the performance of her duties pursuant to the terms of this Order. Specifically, the Receiver may enter into a management agreement with Trigild, Inc. for Trigild, Inc. to serve as a manager of the Property for a one-time start-up fee of $2,500.00, a monthly management and accounting fee of the greater of 3.5% of the total revenues or $5,500.00. All expenses incurred by the Receiver for legal, accounting, and management services not specifically identified in this paragraph 12 shall be approved by the Plaintiff and this Court prior to any payments for such services.

13. The Receiver may at any time upon proper notice to all parties to this action, apply to this Court for further or other instructions and powers whenever such instructions or additional powers shall be deemed necessary in order to enable him to perform properly and legally the duties of his office and to maintain the Mortgaged Property.

14. The Court reserves jurisdiction to authorize the Receiver to issue receiver certificates should such, in the Receiver's opinion, be necessary to finance the continued maintenance of the Mortgaged Property. However, no such receivership certificates shall be issued without further order of this Court.

15. This Receivership shall continue in place until a Certificate of Title for the subject Mortgaged Property has been issued in this action or as otherwise ordered by this Court.

{JA587099;1}

Thereafter, the Receiver shall forthwith file a final report and upon doing so the receivership shall be automatically dissolved, except that the receivership bond shall remain in place for a period of 90 days after the issuance of the Certificate of Title. If no claims or demands against said receivership bond are made within 90 days after the issuance of the Certificate of Title, then the receivership bond shall be dissolved automatically without further order of this Court, and the Receiver shall be automatically discharged without further order of this Court.

**DONE AND ORDERED** at Jacksonville, Florida this ___ day of December, 2010.

Harvey E. Schlesinger
United States District Judge

cc: Timothy J. McDermott
HeatherAnn M. Solanka
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202

A. Todd Merolla
Merolla & Gold, LLP
2018 Powers Ferry Road, Suite 800
Atlanta, Georgia 30339

{JA587099;1}