

FILED

2011 JAN -4 PM 4: 35

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**WELLS FARGO BANK, NATIONAL ASSOCIATION,** a national banking association,

    Plaintiff,

vs.

Case No. 3:09-cv-1225-J-20TEM

**JEFFERSON RD., LLC,** a foreign limited liability company, **WILLIAM D. BOWEN,** individually, **WILLIAM B. WEATHERFORD,** individually, and **DONALD B. WEIR,** individually,

    Defendants.
_____/

## CONSENT FINAL JUDGMENT OF FORECLOSURE

**THIS CAUSE** is before the Court on the stipulation of Wells Fargo Bank, National Association ("Plaintiff"), and Jefferson Rd., LLC, a Georgia limited liability company ("Defendant"), for entry of a consent final judgment of foreclosure in favor of Plaintiff and awarding relief sought in Counts II-III of the Complaint against Defendant Jefferson Rd., LLC. Upon agreement of the parties, and other good cause shown, it is hereby:

**ORDERED AND ADJUDGED:**

    1. Final Judgment of Foreclosure is hereby granted against Jefferson Rd., LLC, on Counts II-III of the Complaint.

    2. On account of the Note, there is now due and owing to Plaintiff the principal amount of $8,100,000.00, plus interest in the amount of $283,304.05, late fees in the amount of $15,179.32, real property taxes in the amount of $200,199.94, ISDA Master Agreement fees in the amount of $128,372.97, early termination fees under the ISDA Master Agreement in the amount of $180,467.00, plus attorneys' fees and costs in the amount of $273,369.02, for a total sum due of **NINE MILLION ONE HUNDRED EIGHTY THOUSAND EIGHT HUNDRED NINETY TWO AND 30/100 DOLLARS ($9,180,892.30),** as of December 15, 2010, which amount shall bear interest at the per annum rate specified by 28 U.S.C. § 1961.

    3. Plaintiff holds a lien for the total sum superior to any claim of said Defendant to real property located in Duval County, Florida, as more particularly described as:

{JA585705;1}

PARCEL A

JEFFERSON ROAD PARCEL

LOTS 13 AND 12, TOGETHER WITH A PORTION OF LOTS 11 AND 22, ATLANTIC BOULEVARD ESTATES, SECTION 9, AS RECORDED IN PLAT BOOK 18, PAGES 35, 35A AND 35B, OF THE CURRENT PUBLIC RECORDS OF THE CITY OF JACKSONVILLE DUVAL COUNTY, FLORIDA AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

FOR A POINT OF BEGINNING, COMMENCE AT THE NORTHWEST CORNER OF SAID LOT 13, THENCE NORTH 82°08'30" EAST ALONG THE NORTHERLY LINE OF SAID LOT 13, A DISTANCE OF 350.00 FEET TO THE NORTHEAST CORNER OF SAID LOT 13, THENCE SOUTH 01°51'30" EAST ALONG THE EASTERLY LINE OF SAID LOT 13, A DISTANCE OF 30.00 FEET; THENCE NORTH 82° 08'30" EAST, A DISTANCE OF 200.00 FEET, THENCE SOUTH 01°51'30" EAST ALONG THE EASTERLY LINE OF SAID LOT 22, A DISTANCE OF 120.00 FEET TO THE SOUTHEAST CORNER OF SAID LOT 22, THENCE SOUTH 82° 08'30" WEST ALONG THE SOUTHERLY LINE OF SAID LOT 22, A DISTANCE OF 200.00 FEET THENCE SOUTH 07° 51'30" EAST ALONG THE EASTERLY LINE OF SAID LOTS 12 AND 11, A DISTANCE OF 108.66 FEET; THENCE SOUTH 82° 18'17" WEST, A DISTANCE OF 40.00 FEET; THENCE NORTH 07°51'30" WEST, A DISTANCE OF 42.00 FEET; THENCE SOUTH 82° 18'17" WEST, A DISTANCE OF 64.24 FEET; THENCE SOUTH 07°41'43" EAST, A DISTANCE OF 49.99 FEET TO THE POINT OF CURVE OF A CURVE CONCAVE NORTHWESTERLY AND HAVING A RADIUS OF 10.00 FEET; THENCE SOUTHWESTERLY ALONG SAID CURVE AN ARC DISTANCE OF 15.71 FEET AND SUBTENDED BY A CHORD BEARING OF SOUTH 37°18'17" WEST AND A CHORD DISTANCE OF 14.14 FEET TO THE POINT OF TANGENCY OF SAID CURVE; THENCE SOUTH 82° 18'17" WEST, A DISTANCE OF 190.63 FEET; THENCE SOUTH 69° 53'04" WEST, A DISTANCE OF 27.96 FEET TO THE INTERSECTION WITH THE EASTERLY RIGHT OF WAY LINE OF JEFFERSON ROAD, A VARIABLE RIGHT OF WAY; THENCE NORTH 20° 02'14" WEST, ALONG SAID RIGHT OF WAY LINE, A DISTANCE OF 83.60 FEET; THENCE NORTH 07° 51'30" WEST CONTINUING ALONG SAID RIGHT OF WAY LINE A DISTANCE OF 200.00 FEET TO THE POINT OF BEGINNING.

PARCEL B

INGRESS AND EGRESS EASEMENT

THE WESTERLY 20.00 FEET OF THE NORTHERLY 160.00 FEET OF LOT 21, ATLANTIC BOULEVARD ESTATES SECTIONS 9 & 11, AS RECODED IN PLAT BOOK 18, PAGES 35, 35A, AND 35B OF THE CURRENT PUBLIC RECORDS OF DUVAL COUNTY, FLORIDA.

and to certain personal property more particularly described on **Exhibit A** attached hereto (the real and personal property are collectively referred to herein as the "Property").

    4.  If the total sum with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this Final Judgment of Foreclosure are not paid, the United States Marshal shall sell the Property identified in Paragraph 3 above at Public Sale on the ___ day of _____, 2011, at 12:00 p.m. in the lobby of the United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, to the highest bidder for cash, except as prescribed in Paragraph 5, in accordance with 28 U.S.C. §§ 2001(a) and 2004.

    5.  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Marshal if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Marshal shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it as is necessary to pay the bid in full. If the Plaintiff is not the highest bidder at the time of the sale, the highest bidder shall be required to pay, in addition to such highest bid, the State of Florida documentary stamps to be affixed to the Certificate of Title, the Marshal's sale fee and any registry fees charged by the Marshal. Should Plaintiff or an agent of Plaintiff fail to appear at the foreclosure sale, the Marshal is ordered to cancel the sale with jurisdiction being reserved by this Court to reset the foreclosure sale for another date. Should the highest bidder at the sale fail to tender the full bid amount in a timely manner, the property shall be sold to the next highest bidder timely tendering said next highest bidder's full bid amount, without the necessity of any further sale or advertising.

    6.  On filing the Certificate of Title, the Marshal shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate of Title; third, Plaintiff's attorneys' fees; fourth, the total sum due to Plaintiff, plus interest at the rate prescribed in Paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

    7.  Upon the sale being conducted in accordance with 28 U.S.C. §§ 2001(a) and 2004, and Paragraph 4 above, and upon the Marshal filing the Certificate of Sale, the Defendant, and all persons claiming by, through, and under the Defendant since the filing of the notice of lis pendens, shall be forever barred and foreclosed of any equity or right of redemption in and to the above-described Property, and the purchaser at the sale shall be let into possession of the Property.

    8.  On filing the Certificate of Title, the Defendant and all persons claiming under or against them since the filing of the notice of lis pendens shall relinquish possession of the Property, and if the Defendant or such other persons fail to do so, upon application to the Clerk of the above entitled court, said Clerk of the Court shall issue a Writ of Possession commanding the Sheriff of Duval County, Florida to remove all persons from the above-described Property and to put said title holder in possession of said Property.

    9.  Upon the Clerk filing the Certificate of Title, the sale shall stand confirmed and the Defendant, and all persons claiming under or against the Defendant since the filing of the notice of lis pendens, shall be foreclosed of all interests, estates, or claims in the Property, all

title and/or interest to the Property shall pass to the purchaser named in the Certificate of Title, and the purchaser at the sale shall be let into possession of the Property.

10. If the Property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to this Final Judgment.

11. If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Clerk no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds.

12. Jurisdiction of this action is retained to enter further orders or judgments that are proper, including, but not limited to, judgments on Counts I and IV – X of the Complaint, deficiency judgments, writs of possession and supplemental awards of receiver-related fees and expenses, and the award of additional fees or costs to Plaintiff should the sale of the mortgaged property be delayed by reason of further proceedings herein, or by reason of stay under the provisions of the Bankruptcy Code, Title 11, United States Code.

13. A true and correct address of Plaintiff is 2030 Main Street, Suite 800, Irvine, California 92614.

14. The last known address of Defendant, Jefferson Rd., LLC, is c/o Mr. William B. Weatherford, 1040 Arbor Trace Dr. N.E. Atlanta, Georgia 30319.

**DONE AND ORDERED** at Jacksonville, Florida this ___ day of December, 2010.

Harvey E. Schlesinger
United States District Judge

cc: Timothy J. McDermott
HeatherAnn M. Solanka
Akerman Senterfitt
50 North Laura Street, Suite 2500
Jacksonville, Florida 32202

A. Todd Merolla
Merolla & Gold, LLP
2018 Powers Ferry Road, Suite 800
Atlanta, Georgia 30339

U.S. Marshal's Office

{JA585705;1}

# EXHIBIT A
## Personal Property

All goods, building and other materials, supplies, work in process, equipment, machinery, fixtures, furniture, furnishings, signs and other personal property and embedded software therein, wherever situated, which are or are to be incorporated into, used in connection with, or appropriated for use on the Property (as defined in the Mortgage, as defined in the Verified Complaint), including without limitation, all machines, machinery, engines, motors, boilers, incinerators, dynamos, elevators, stokers, tanks, cabinets, awnings, screens, shades, blinds, venetian blinds, carpets, carpeting, beds, bureaus, chiffonniers, chests, chairs, desks, lamps, mirrors, bookcases, tables, rugs, drapes, draperies, curtains, paintings, hangings, pictures, divans, couches, luggage carts, luggage racks, stools, sofas, chinaware, linens, pillows, blankets, glassware, foodcarts, cookware, dining room wagons, keys or other entry systems, bars, bar fixtures mini-bars, liquor and other drink dispensers, icemakers, kitchen equipment, radios, television sets, cable t.v. equipment, intercom and paging equipment, electric and electronic equipment, dictating equipment, private telephone systems, reservation systems and related computer software, medical equipment, potted plants, lawn mowers, washers and dryers, other customary hotel equipment, and all appliances, plumbing, heating, air conditioning, lighting, ventilating, refrigerating, plumbing fixtures, fire prevention and extinguishing apparatus, fittings, plans and apparatus, stoves, ranges, refrigerators, cutlery and dishes, laundry machines, tools, disposal and incinerating equipment, and all fixtures and appurtenances thereto, and such other goods and chattels and personal property, whether tangible or intangible, owned by Mortgagor as are now or hereafter used or furnished in operating the Property, or the activities conducted therein, and all warranties and guaranties relating thereto, and all additions thereto and substitutions and replacements therefor; together with all rents (including, without limitation, room rents, revenues, accounts and receivables derived from the use or occupancy of all or any portion of the Property); all inventory, accounts, cash receipts, deposit accounts, accounts receivable (including, without limitation, all revenues, and credit card receipts collected from guest rooms, restaurants, bars meeting rooms, banquet rooms, recreational facilities and vending machine sales); all contract rights, franchise agreements, development agreements, management agreements, licenses, agreements, general intangibles, chattel paper (whether electronic or tangible), instruments, documents, promissory notes, drafts, letters of credit, letter of credit rights, supporting obligations, insurance policies, insurance and condemnation awards and proceeds, any other rights to the payment of money, trade names, trademarks and service marks arising from or related to the ownership, management, leasing or operation of the Property or any business now or hereafter conducted thereon by Mortgagor; all permits, consents, approvals, licenses, authorizations and other rights granted by, given by or obtained from, any governmental entity with respect to the Property; all deposits or other security now or hereafter made with or given to utility companies by Mortgagor with respect to the Property; all advance payments of insurance premiums made by Mortgagor with respect to the Property; all plans, drawings and specifications relating to the Property; all loan funds held by Lender and/or any of its affiliate banks, whether or not disbursed; all funds deposited with Lender and/or any of its affiliate banks pursuant to any loan agreement; all reserves, deferred payments, deposits, accounts, refunds, cost savings and payments of any kind related to the Property or any portion thereof; together with all replacements and proceeds of, and additions and accessions to, any of the foregoing; together with all books, records and files relating to any of the foregoing.

{JA585705;1}